**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTY JOHNSON,** Plaintiff, vs. **MRS ASSOCIATES, INC.; and DOES 1 through 10, inclusive,** Defendants. | **Civil Action No.:** **Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Christy Johnson (hereinafter "Plaintiff"), an individual consumer, against defendant MRS Associates, Inc. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), and the Louisiana Fair Debt Collection Practices Act, Revised Statute 9:3562, *et seq*. (hereinafter ''LFDCPA''), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### III. PARTIES

4.  Plaintiff, Christy Johnson is a consumer, a natural person allegedly obligated to pay any debt, residing in St. Tammany Parish, in the state of Louisiana.

5.  Defendant, MRS Associates, Inc. is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the state of New Jersey.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  Defendants Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

## IV. *FACTUAL ALLEGATIONS*

8.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9.  Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff; seeking and demanding payment for an alleged consumer debt owed under an account number.

10. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to September 18, 2012.

11. Upon information and belief, within one year prior to the filing of this complaint, Defendant lied to and/or made misleading statements to Plaintiff, threatening that it would sue her, when it cannot do so.

12. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff's mother and asked her to relay a message to Plaintiff, without Plaintiff's consent, which constitutes improper contact with a third party under the FDCPA.

13. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, and embarrassed, amongst other negative emotions.

14. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

3

### V.  *FIRST CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

    (f) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the

consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Christy Johnson for actual damages, statutory damages, and costs and attorney fees.

## VI. *SECOND CLAIM FOR RELIEF*

19. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20. Defendant violated the LFDCPA.  Defendant's violations include, but are not limited to, the following:

   a. Defendant violated LFDCPA § 9:3562 by contacting Plaintiff's mother and requesting that she deliver a message to client on behalf of Defendant, without Plaintiff's consent and without having reason to believe that Plaintiff had changed place of employment or had moved from her last known address.

21. As a result of the foregoing violations of the LFDCPA, Defendant is liable to the plaintiff Christy Johnson for actual damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff Christy Johnson respectfully requests that judgment be entered against defendant MRS Associates, Inc. for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA and
    LFDCPA.

B.  Actual damages.

C.  Statutory damages pursuant to 15 U.S.C. § 1692k.

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be
    allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

## VII.   DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that plaintiff, CHRISTY JOHNSON, demands trial by jury in
this action.

DATED this 11th day of December, 2012.

RESPECTFULLY SUBMITTED,

/s/ Nicholas M. Graphia
Nicholas M. Graphia (SBN 33159)
Law Office of Nicholas M. Graphia, LLC
767 Florence Street
Baton Rouge, LA 70806
(225) 955-4266
(888) 909-6892 Fax
nicholas.graphia.law@gmail.com

Co-counsel with **PRICE LAW GROUP, APC**
G. Thomas Martin, III
15760 Ventura Blvd. Suite 1100
Encino, CA 91436
Not admitted before this Court
Tom@plglawfirm.com
ATTORNEYS FOR PLAINTIFF